**F I L E D**

**UNITED STATES COURT OF APPEALS**

**MAY 18 1999**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

vs.

MICHAEL ANTHONY COBB,

    Defendant - Appellant.

No. 98-6250
(D.C. No. 97-CR-161)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.[**]

Defendant-Appellant Michael Anthony Cobb conditionally pled guilty to an information charging him with travelling in interstate commerce with intent to carry on the unlawful activity of possession with intent to distribute cocaine, in violation of 18 U.S.C. § 1952(a). He now challenges the district court's ruling regarding the admissibility of statements he made while under police custody.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

Background

On September 19, 1997, after arriving in Oklahoma City, Oklahoma on a bus from Los Angelos, California, Mr. Cobb was stopped by officers of the Oklahoma City Police Department. After conversing with Mr. Cobb, feeling the outside of his bag, and having a drug dog alert to his bag, the officers obtained a search warrant for the bag. Mr. Cobb was detained by Sergeant Anthony Gracey at the bus station for approximately two hours while waiting for the warrant, and when it was executed, the officers found two kilograms of cocaine in the bag. Mr. Cobb was then arrested, received a Miranda warning, and indicated that he did not want to speak with the officers.

During the booking process at the Oklahoma County jail, Mr. Cobb asked Sergeant Gracey if the charge against him would be filed in state or federal court. Sergeant Gracey responded that it would depend on the amount of drugs found in Mr. Cobb's bag. Later, after the sergeant received information on the amount of cocaine, Mr. Cobb asked how much was found. Sergeant Gracey responded by asking Mr. Cobb how much he thought was in the bag, and Mr. Cobb said he thought it was "about a pound." Aplt. App. (B) at 7.

Mr. Cobb was released on bond and, on October 2, 1997, was arrested on

an unrelated charge. He told the arresting officers that he wanted to speak with Sergeant Gracey. After Sergeant Gracey arrived and repeated the Miranda warnings which had been given at the time of Mr. Cobb's arrest, Mr. Cobb made a number of statements regarding the source of the cocaine obtained at his September 19 arrest, and indicated that he owned the cocaine and was going to sell it.

Following an evidentiary hearing on Mr. Cobb's motion to suppress evidence from the September 19 encounter with the police, the district court held that Mr. Cobb's detention and arrest at the bus station were illegal and suppressed physical evidence found and statements made during the detention. Later, in response to the government's motion to reconsider, the court held another evidentiary hearing and ruled that Mr. Cobb's statements on both September 19 and October 2 were voluntary and sufficiently attenuated from the illegal detention to be admissible at trial. Mr. Cobb later conditionally pled guilty, while preserving his right to appeal the court's ruling.

## Discussion

Mr. Cobb argues that the district court erred in its ruling that his statements on September 19 and October 2 were voluntary. In addition, he argues that, even if voluntary, the statements were tainted by the unlawful detention and were

thereby inadmissible as "fruit of the poisonous tree." See Wong Sun v. United States, 371 U.S. 471, 487-88 (1963).

## A.

We review de novo the issue of whether a statement was voluntary, although we accept the district court's factual findings unless they are clearly erroneous. See United States v. Gonzales, 164 F.3d 1285, 1289 (10th Cir. 1999). A statement is involuntary if the suspect's "will has been overborne [by the government's conduct] and his capacity for self-determination critically impaired." Schneckloth v. Bustamonte, 412 U.S. 218, 225-26 (1973). In making our determination, we consider "the totality of all the surrounding circumstances — both the characteristics of the accused and the details of the interrogation." Id. at 226; see also 18 U.S.C. § 3501. "Relevant factors include the suspect's age, intelligence, and education, the length of detention and questioning, the use or threat of physical punishment, whether Miranda warnings were given, the accused's physical and mental characteristics, the location of the interrogation, and the conduct of the police officers." Gonzales, 164 F.3d at 1289. Further, a statement is involuntary only if it was the result of "coercive police activity." Colorado v. Connelly, 479 U.S. 157, 167 (1986).

Several factors indicate that Mr. Cobb's statements on both dates were

given voluntarily. On both occasions, he was advised of his <u>Miranda</u> rights and, in response on September 19, stated that he did not want to speak with the officers, providing evidence that he understood those rights. Mr. Cobb has made no allegations that the officers threatened him or used physical force, nor has he suggested that he was susceptible to coercion because of his age, intelligence, or education.

To show coercion, Mr. Cobb relies solely on Sergeant Gracey's statement on October 2 that Mr. Cobb could "help himself out" by talking about the cocaine that had been found in his possession on September 19. <u>See</u> Aplt. Br. at 11 (citing Aplt. App. (B) at 12-13). According to Mr. Cobb, this demonstrates that Sergeant Gracey "exploit[ed] a weakness or condition known to exist." <u>Nickel v. Hannigan</u>, 97 F.3d 403, 410 (10th Cir. 1996). However, he fails to identify the weakness or condition that the officer allegedly exploited. Sergeant Gracey's statement, taken alone, is far short of the kind of mental coercion we found in <u>United States v. McCullah</u>, 87 F.3d 1136, 1139 (10th Cir. 1996), where "the government agent lied to the drug-dependent defendant, stating that he would be killed unless he told the informant what 'really happened.'" Furthermore, we note that Mr. Cobb initiated this conversation by asking for Sergeant Gracey. We conclude that the district court did not err in finding Mr. Cobb's statements on September 19 and October 2 to be voluntary.

B.

However, we must go on to consider whether these statements should have been "excluded as the fruit of the illegal arrest," Brown v. Illinois, 422 U.S. 590, 591-92 (1975), or were admissible because the statements were obtained "by means sufficiently distinguishable to be purged of the primary taint" of the arrest. Wong Sun, 371 U.S. at 488 (quotation marks and citation omitted). According to the Supreme Court in Brown, we must determine whether a confession is "an act of the free will unaffected by the initial illegality," Brown, 422 U.S. at 603, by considering the following factors in addition to whether a Miranda warning has been given: "[t]he temporal proximity of the arrest and the confession, the presence of intervening circumstances, and . . . the purpose and flagrancy of the official misconduct . . . ." See id. at 603-04 (citations omitted).

When considering Mr. Cobb's September 19 statement in light of these factors, the district court acknowledged that only three hours elapsed between Mr. Cobb's illegal arrest and the statement. However, the court found that the causal connection between the arrest and the statement was broken by intervening circumstances, including Mr. Cobb's removal from the place of arrest, his comprehension of the Miranda warning (indicated by his earlier expressed intent to remain silent), and his decision to initiate the conversation with Sergeant Gracey. The court also noted that there was no indication that Sergeant Gracey

intended to elicit an incriminating statement from Mr. Cobb. The court relied on an Eleventh Circuit decision, United States v. Edmondson, 791 F2d 1512 (11th Cir. 1986), in which the defendant broke the causal link between the illegal arrest and his confession by initiating a conversation during the booking process. Id. at 1515-16. The district court did not clearly err in making its factual determinations, and we agree that Mr. Cobb's September 19 statement was purged of the taint of his illegal arrest.

The district court found that Mr. Cobb's October 2 statements were similarly purged of the taint of his illegal arrest on September 19. Here, there was nearly a two-week period between the arrest and the statements. Mr. Cobb was given two separate Miranda warnings, initially during his October 2 arrest and subsequently by Sergeant Gracey. In addition, Mr. Cobb asked to speak with Sergeant Gracey. Finally, there is no evidence of police misconduct. Again, we agree with the district court's analysis.

AFFIRMED.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge